# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2025

Lyle W. Cayce
Clerk

No. 23-50678

_____

Amber Simpson; Britney Foster; Stephanie Olivarri,

*Plaintiffs—Appellees*,

*versus*

Joe Cisneros,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-716

_____

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

This appeal brings the question of whether the Eighth Amendment or the Fourteenth Amendment protects inmates from abusive treatment.

## I.

In August 2020, Amber Simpson, Britney Foster, and Stephani Olivarri filed this suit alleging that a Texas Department of Criminal Justice employee, Joe Cisneros, sexually abused and harassed them while they were

No. 23-50678

incarcerated at the Linda Woodsman State Jail in Gatesville, Texas.[1] After their release, the Plaintiffs sued under 42 U.S.C. § 1983 for violations of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause.[2] Soon thereafter, the case was referred to Magistrate Judge Jeffrey C. Manske for the Western District of Texas.

## A.

While incarcerated, each Plaintiff was assigned to a plumbing work crew under the supervision of Cisneros, a male jail guard. Reading testimony in the light most favorable to the Plaintiffs, the district court found that Cisneros made numerous inappropriate, sexual comments to female inmates.[3] Foster testified that Cisneros grabbed and moved his genitalia around near her face—while their knees were touching—and his pants were still on.[4] Simpson testified that Cisneros would continually isolate himself with only female inmates. When inmates would crawl out of the pipe chases, Cisneros would not move and would leave his genitalia at face-level, and would make inappropriate sexual comments. In addition, Simpson testified that Cisneros asked her on multiple occasions to perform sexual favors for him.

---

[1] The Linda Woodsman State Jail is a female-only correctional facility.

[2] The Prison Litigation Reform Act, which affects currently incarcerated individuals, does not control here. *See generally*, 42 U.S.C. § 1997(e).

[3] *See Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014). The district court concluded that these allegations were not rebutted by counterevidence from Cisneros. Furthermore, these statements included talking about his "sick dick[,]" flirting with inmates, and making comments about "girl on girl" sex.

[4] Foster also testified that he tried to grab her buttocks at a later date.

Simpson also testified that Cisneros sexually assaulted her on two occasions. One time, Cisneros reached into her shirt pocket to grab a screwdriver and proceeded to grab her left breast, rub it, take the screwdriver, and walk away. Another time, Cisneros stuck his hand into her pants underneath her underwear and rubbed her genitals in front of another inmate, stopping only when Simpson stepped as far forward as she could.

Olivarri testified that on one occasion she was assigned to fix a pipe under Cisneros' supervision. Cisneros was right behind her and—when she turned to see him—Cisneros stuck his hand between her legs and started rubbing her vaginal area. She testified that he pulled his hand out and away only after she closed her legs.

**B.**

Cisneros moved for summary judgment, arguing that the Plaintiffs' Eighth and Fourteenth Amendment claims did not survive scrutiny. In his motion, Cisneros argued that Plaintiffs failed to plead a Fourteenth Amendment claim and that—even if they did—Fourteenth Amendment protections did not extend to prisoners. Plaintiffs filed a timely response, and Cisneros replied.

On September 1, 2023, the Magistrate Judge issued his report and recommendation on the motion for summary judgment.[5] In the report, the Magistrate Judge recommended that the district court grant summary judgment for the Defendant on the Eighth Amendment claims and deny summary judgment on the Fourteenth Amendment claims. The Magistrate Judge examined the applicability of the Fourteenth and the Eighth

---

[5] This was done pursuant to 28 U.S.C. §636(b)(1)(C), FED. R. CIV. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules for the U.S. District Courts in the Western District of Texas.

Amendment—and found the Fourteenth to be a source of relief for the Plaintiffs.

Cisneros filed an objection to the Magistrate's report, arguing: (1) no Fourteenth Amendment claim had been pleaded, (2) the Fourteenth Amendment framework did not control in the case, and (3) the conclusions from the substantive due process analysis were erroneous. The Plaintiffs, as both the district court and Cisneros noted, did not object to the Magistrate Judge's report. The district court adopted the report in full and issued judgment on September 19, 2023. Cisneros filed a notice of appeal three days later.[6]

## II.

The denial of a motion for summary judgment based on qualified immunity is an immediately reviewable collateral order.[7] Summary judgment is appropriate when the evidence and the pleadings show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] In reviewing an appeal from summary judgment, this Court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."[9]

---

[6] Specifically, Cisneros appeals the *denial* of his motion for summary judgment on the Fourteenth Amendment violation.

[7] *See Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

[8] FED. R. CIV. P. 56(a). Here, the nonmoving parties are the three Plaintiffs. Because of the lack of video evidence in this case, the added heft of facts from this form of evidence is unavailable to the plaintiffs. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

[9] *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009)).

No. 23-50678

The Magistrate Judge recommended the grant of summary judgment to the Defendant under the Eighth Amendment—but not under the Fourteenth Amendment—with the assumed facts. A failed summary judgment motion denying qualified immunity is appealable under the collateral-order doctrine.[10]

### III.

We turn to whether the Fourteenth Amendment's substantive due process doctrine protects inmates. It does not.

Cisneros argues that the district court erred in determining that the plaintiffs pled a substantive due process claim under the Fourteenth Amendment, as it is the Eighth Amendment—not the Fourteenth Amendment—that protects incarcerated individuals. We construe the facts in favor of the Plaintiffs and conclude that the Plaintiffs did assert a Fourteenth Amendment substantive due process claim in their initial complaint.[11]

We now turn to whether the Plaintiffs—as inmates—could proceed under the Fourteenth Amendment.[12] In general, the "substantive component of the Due Process Clause under the Fourteenth Amendment secures the right to be free of state-occasioned damage to a person's bodily

---

[10] *See Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014). This is "akin to a final decision[,]" and a losing defendant "can bring an interlocutory appeal." *Roque v. Harvel*, 993 F.3d 325, 331-32 (5th Cir. 2021).

[11] In this interlocutory appeal, "we accept the plaintiffs' version of the facts as true." *Kinney*, 367 F.3d at 348 (referencing *Wagner v. Bay City, Tex.*, 227 F.3d 316, 320 (5th Cir. 2000). The factual dispute here is whether the Plaintiffs raised a Fourteenth Amendment claim in their initial complaint.

[12] *See Kinney*, 367 F.3d at 348 (explaining that on an appeal from summary judgment in this context, the legal significance of conduct is the focal point of review).

integrity."[13] But when a particular constitutional amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."[14] And, the Prison Rape Elimination Act of 2003 ("PREA") notes that sexual assault in prison implicates the Eighth Amendment.[15]

Here, "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive due process under the Fourteenth Amendment."[16] As the Eighth Amendment gives "an explicit textual source of protection," the Plaintiffs here have no claim under the Fourteenth

---

[13] *Tyson v. Sabine*, 42 F.4th 508, 517 (5th Cir. 2022) (citation omitted).

[14] *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). *See also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

[15] *See* 34 U.S.C. § 30301(13). This PREA subsection quotes *Farmer v. Brennan*, 511 U.S. 825 (1994), a Supreme Court case that ruled that deliberate indifference to the substantial risk of sexual assault violates the Eighth Amendment. State and local prisoners are protected by the Eighth Amendment as well. *See also* 34 U.S.C. § 30302(7) (listing one of the purposes of PREA as protecting the Eighth Amendment rights of prisoners). PREA establishes a "zero-tolerance standard" for rape in prison in the United States and applies to all correctional facilities. 34 U.S.C. § 30301(1).

[16] *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

No. 23-50678

Amendment.[17] The district court erred in applying a Fourteenth Amendment framework.[18]

## IV.

The Eighth Amendment, *not* the Fourteenth Amendment, protects prisoners from mistreatment and malfeasance. The district court in its rulings held back final judgment against the Warden and the Assistant Warden.[19] It is now in its hands to deal with what remains in this case. As the Fourteenth Amendment claim is the only live issue on appeal here, we REVERSE that ruling, GRANT summary judgment on the Fourteenth Amendment, and REMAND the case for further proceedings.

---

[17] *See Austin v. Johnson*, 328 F.3d 204, 210 n.10 (5th Cir. 2003) (noting that the explicit textual source of protection controls over the more generalized notion). *See also Pinkston v. Kuiper*, 67 F.4th 237, 241 (5th Cir. 2023) (reasoning that the Supreme Court instructs application of the specific textual provision over the general "substantive-due-process catchall").

[18] It is worth noting that the Plaintiffs in their initial complaint treated the Eighth Amendment as controlling and changed tact only when the Magistrate Judge found otherwise.

[19] Prior to this appeal, the Warden and Assistant Warden of the jail were both dismissed in a grant of a FED. R. CIV. P. 12(c) motion for judgment on the pleadings by the district court. On September 15, 2022, Judge Alan D. Albright adopted the Magistrate Judge's report and recommendation in full over the noted objections of Plaintiffs' counsel. Defense counsel for the Warden and the Assistant Warden moved for entry of final judgment but Judge Albright denied their motion.